UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>Defendant. | Case No. 1:23-cv-01945-ACR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR REASSIGNMENT**

Plaintiff in this case challenges certain District of Columbia (the District) policies regarding the provision of emergency mental health services.  When Plaintiff filed its Complaint [1], it also filed a Notice of Related Case [3], asserting that this case "involves common factual issues" as a separate pending case before this Court, *M.J, et al., v. District of Columbia, et al.*, No. 1:18-cv-1901-ACR.  But Plaintiff is incorrect:  *M.J.* challenges a different set of youth mental health services, only one of which, at best, is tangentially related to this case.  This case is not related to *M.J.* and the Court should therefore return this case to the Calendar and Case Management Committee for random reassignment.

**STANDARD OF REVIEW**

Generally, newly filed cases are assigned randomly to a judge.  *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (Lamberth, J.).  Local Civil Rule 40.5 "stands as an exception to the general rule" and "provides that, in the interests of judicial economy, '[w]here the existence of a related case in this court is noted at the time . . . the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned.'"  *Id.* (quoting LCvR 40.5(c)(1)).  "The party requesting related-case

designation and seeking to avoid random assignment bears the burden of showing that the cases are related . . . ." *Id.* (internal quotation marks omitted) (quoting *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)).

Cases are related when, for one, they "involve common issues of fact." LCvR 40.5(a)(3). As the Rule's text indicates, "cases are related when they involve common issues of *fact*—not common issues of *law*." *J&K Prods., LLC v. Small Bus. Admin.*, 589 F. Supp. 3d 95, 98 (D.D.C. 2022). And those facts must be "common," not just "similar." *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-cv-2852, 2019 WL 1440134, at *2 (D.D.C. Apr. 1, 2019). In other words, "analyzing the same kinds of facts . . . is insufficient to support a claim of relation." *Id.* Moreover, cases are not related if they "focus on different events, involve different time periods, and turn on distinct legal theories." *Klayman v. Porter*, No. 20-cv-3109, 2021 WL 1668067, at *3 (D.D.C. Apr. 28, 2021). Cases are not related, too, when they "involve different claims," *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 96 (D.D.C. 2019), because "distinct claims present discrete 'issues of fact' to be resolved," *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019). Accordingly, when cases challenge different laws or government actions, or challenge them on different grounds, courts have found the cases unrelated. *See, e.g.*, *Wash. All. of Tech. Workers v. Dep't of Homeland Sec.*, No. 16-cv-1170, 2016 WL 11184186, at *2 (D.D.C. June 24, 2016) (finding cases not related because they challenged two different agency rules and involved different types of challenges); *Haitian Bridge All. v. Biden*, No. 21-cv-3317, 2022 WL 2132439, at *2 (D.D.C. June 14, 2022) (finding cases not related because, "although each of the three cases at issue involve claims challenging the lawfulness of the Title 42 Process, they do so to different degrees").

Cases may also be related when they "grow out of the same event or transaction," LCvR 40.5(a)(3), which involves similar considerations as those above, *see, e.g.*, *Volvo*, 922 F. Supp. 2d at 69; *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000). In addition, courts look for an "event or transaction that uniquely precipitated" the two cases. *McGahn*, 391 F. Supp. 3d at 122. In cases arising from several events, that both cases share one of those events is not enough to make them related "on the whole." *Lucas v. Barreto*, No. 04-cv-1262, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005).

## BACKGROUND

*M.J.* was brought by Medicaid-eligible children and youth with mental health disabilities and University Legal Services, Inc., an organization that advocates on behalf of individuals with disabilities. Second Am. Compl. (*M.J.* SAC) [92-3] ¶ 1, *M.J., et al., v. District of Columbia, et al.*, No. 1:18-cv-1901-ACR (D.D.C. June 24, 2022). The *M.J.* plaintiffs named the District, Mayor Muriel Bowser (in her official capacity), the Director of the Department of Behavioral Health (in her official capacity) and the Director of the Department of Health Care Finance (in his official capacity) as defendants. *Id.* ¶ 18–21. The *M.J.* plaintiffs allege that the District fails to provide children and youth with mental health disabilities intensive community-based services ("ICBS") through the District's Medicaid program and, as a result, those children are needlessly institutionalized or at serious risk of institutionalization. *Id.* ¶ 1. Specifically, the plaintiff children and youth allege that they have been subject to unnecessary stints in institutions, including psychiatric hospitals, psychiatric and other residential treatment facilities, the District's detention centers, and group homes. *Id.* ¶ 3. The *M.J.* plaintiffs allege that the lack of ICBS in the District violates the Americans with Disabilities Act (ADA) and the Medicaid Act, and they primarily seek injunctive relief. *Id.*, Prayer.

Now consider this case.  Plaintiff here is a not-for-profit organization that provides healthcare resources and other services to under-resourced District residents.  Compl. (*Bread Compl.*) [1] ¶ 22.  Plaintiff named the District as defendant and noted the relevance of several District agencies, including most prominently the Metropolitan Police Department (MPD), along with the D.C. Office of Unified Communications, D.C. Fire and Emergency Medical Services, and the D.C. Department of Behavioral Health.  *Id.* ¶ 23.  Plaintiff alleges that the District relies on MPD officers as the default first responders for mental health emergencies, and Plaintiff alleges that MPD officers are not sufficiently trained to address those crises.  *Id.* ¶¶ 1, 2.  Plaintiff offers both physical and mental health services but does not provide emergency health services.  *Id.* ¶ 144, 145.  Plaintiff alleges that if a someone experiences a mental health crisis at one of Plaintiff's facilities, staff tries to avoid calling 911 because MPD officers often respond and staff generally prefers that MPD not handle those crises.  *Id.* ¶ 150.  Plaintiff concludes that because MPD frequently responds to mental health crises but paramedics and EMTs are deployed to physical health emergencies, the District is in violation of the ADA.  *Id.* ¶ 197.

## ARGUMENT

Plaintiff asserts that the similarities between *M.J.* and this case satisfy LCvR 40.5(a)(3), *see* Notice, but they are incorrect, for two distinct reasons.  First, the two cases do not involve any of the same facts or District practices and do not grow out of the same events or transaction.  In *M.J.*, plaintiffs make only a single reference to the District's emergency response services, and that is only to note that "mobile crisis services" are part of ICBS and define the service.  *M.J.* SAC ¶ 41.  The *M.J.* plaintiffs make no allegations regarding the adequacy of emergency crisis services or about their own experiences with the service.  In contrast, this case concerns *only* emergency mental health services, and does not allege that any other mental health services in the District are inadequate under the ADA.  Nor is there any overlap between the two sets of

plaintiffs.  So, these cases "focus on different events." *Klayman*, 2021 WL 1668067, at *3.  And they also "challenge[ ]" "different" practices, with "numerous issues . . . unique to one case or the other."  *Wash. All. of Tech. Workers*, 2016 WL 11184186, at *2; *see also Haitian Bridge All.*, 2022 WL 2132439, at *2 (noting that cases may be related when they "challenged the same governmental regulations").

Second, though the cases both involve ADA claims, they "present discrete 'issues of fact' to be resolved," *McGahn*, 391 F. Supp. 3d at 122.  The basis for Plaintiff's related-case designation seems to be that both cases involve mental health services, and both plaintiffs' legal theories involve the ADA.  That supposed connection is "too tenuous to establish relatedness." *J&K Prods.*, 589 F. Supp. 3d at 98.  In reality, the cases involve different District practices, different events, different plaintiffs, and the legal theories undergirding each of the ADA claims will, as a result, necessarily differ.  To the extent both cases could be characterized as falling under the overall heading of "mental health services," that is insufficient to make them related for the purposes of LCvR 40.5(a)(3).  *See, e.g.*, *id.* (cases challenging administration of government program were not related when they involved separate agency decisions in administering that program); *Haitian Bridge All.*, 2022 WL 2132439, at *2 (cases challenging government program were not related when they challenged different specific aspects of that program).

## CONCLUSION

For these reasons, the Court should grant this Motion and return this case to the Calendar and Case Management Committee for reassignment.

Date: September 26, 2023                                   Respectfully submitted,

                                                           BRIAN L. SCHWALB
                                                           Attorney General for the District of Columbia

5

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Pamela A. Disney*
PAMELA A. DISNEY [1601225]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 807-0371
Email: pamela.disney@dc.gov

*Counsel for Defendant*