UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No. 1:23-cv-01945-ACR** |

### NOTICE REGARDING DEFENDANT'S ANTICIPATED MOTION TO DISMISS THE COMPLAINT AND REQUEST FOR A PRE-MOTION CONFERENCE

#### INTRODUCTION

Pursuant to this Court's Standing Order, Defendant submits this notice regarding its anticipated motion to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) and request for a pre-motion conference.

Plaintiff Bread for the City, a not-for-profit organization, challenges the adequacy of the District's response to mental health emergencies under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Plaintiff seeks an injunction that would require the District to create a new emergency response system for mental health crises "that provides parity" with responses to physical health crises.  The District shares with Plaintiff the goal of enhancing its mental health emergency response system and is already making great strides towards that end.  But Plaintiff's advocacy for the creation of new services and standards of care presents a policy argument, not a legal claim.  First, Plaintiff lacks standing because the existing mental health response program does not directly injure Plaintiff's organizational mission.  Additionally, Plaintiff has not pled

facts sufficient to establish any violation of the ADA or Rehabilitation Act, because each only requires evenhanded treatment of individuals with and without disabilities in the provision of services a public entity *already* offers. In other words, the ADA and Rehabilitation Act are not vehicles for requiring that a public entity create new services or standards of care for individuals with disabilities. Plaintiff's Complaint should be dismissed.

## ARGUMENT

I. **Plaintiff Lacks Standing.**

"[A]n organization's abstract interest in a problem is insufficient to establish standing …." *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Ent. Inc.*, 659 F.3d 13, 24 (D.C. Cir. 2011). "[A]n organization must allege that the defendant's conduct perceptibly impaired the organization's ability to provide services in order to establish injury in fact." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) (quotations omitted). This requires a "direct conflict between the defendant's conduct and the organization's mission." *Feld*, 659 F.3d at 25 (citation omitted). "Plaintiff must show, therefore, that something about the challenged action itself—rather than the organization's response to it—makes the organization's task more difficult." *Ctr. for Responsible Sci. v. Gottlieb*, 346 F. Supp. 3d 29, 41 (D.D.C. 2018), *aff'd sub nom. Ctr. for Responsible Sci. v. Hahn*, 809 Fed. Appx. 10 (D.C. Cir. 2020).

Here, Plaintiff's injuries are entirely based on burdens it has itself taken on. For example, Plaintiff chooses to train its own staff to respond to mental health emergencies, even though that is not its mission, *see* Compl. [1] ¶ 147, and alleges that it has been injured by lost staff time in responding to such emergencies, as well as the money it has spent on training. *Id*. ¶¶ 171, 192. But the District's mental health emergency response system did not itself cause that harm or any harm to Plaintiff's mission. Because there is no "close connection" between "the activity

impaired and the conduct challenged," Plaintiff does not have organizational standing. *See Gottlieb*, 346 F. Supp. 3d at 42. Also, Plaintiff's vague request for injunctive relief for "an emergency response program that provides parity between physical health emergencies and mental health emergencies," Compl., *Prayer*, is unjustified because the Complaint fails to adequately allege future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983).

## II. Plaintiff Fails To State a Claim Under the ADA or Rehabilitation Act.

Plaintiff has not pled facts sufficient to state a claim under the ADA or the Rehabilitation Act. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[1] Plaintiff's theory of discrimination under the ADA is that the District does not dispatch first responders to mental health crises that have the same level of skill and training as those provided to individuals experiencing physical health crises. Compl. ¶ 197. In essence, Plaintiff's claim is that the District should provide services (that it currently does not) to individuals experiencing mental health crises, and Plaintiff believes those services should meet certain standards of care tailored to mental health needs. But the ADA does not compel any such outcomes.

A public entity is "not obligated to provide new programs or services to the disabled which it has not previously provided to any group;" instead, the ADA "prohibit[s] discrimination against the disabled within the services that *are* provided." *Buchanan v. Maine*, 469 F.3d 158, 173–74 (1st Cir. 2006); *see Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 603 n.14 (1999)

---

[1] Title II and Section 504 are "similar in substance" and interpreted consistently. *See Am. Council of the Blind v. Paulson*, 525 F.3d 1256, 1262 n.2 (D.C. Cir. 2008).

("States must adhere to the ADA's nondiscrimination requirement with regard to the services they in fact provide."). Likewise, the ADA does not create an entitlement to a particular "standard of care," or "certain level of benefits." *Olmstead*, 527 U.S. at 603 n.14 (1999); *see Buchanan*, 469 F.3d at 173 (1st Cir. 2006) (affirming summary judgment for defendant because "the claim was not about … denial of services, but rather … adequacy of treatment"); *Disability Rts. New Jersey, Inc. v. Comm'r, New Jersey Dep't of Hum. Servs.*, 796 F.3d 293, 307, 307 n.5 (3d Cir. 2015) (rejecting an ADA challenge to a policy in part because "allowing [it] could improperly transform the ADA from an antidiscrimination statute into a law regulating the quality of care the States provide to the disabled").

Here, Plaintiff seeks an injunction requiring the creation of services for responding to mental health crises that would alter the standard of care an individual receives. *See* Compl., *Prayer*. However, the applicable question under the ADA is not, as Plaintiff suggests, whether an individual experiencing a mental health emergency receives care at the same level and speed as a non-disabled individual experiencing a physical emergency. Instead, the ADA asks whether an individual with a mental health disability experiencing a physical emergency can access the same care a non-disabled individual receives when experiencing a physical emergency. *Cf. Alexander v. Choate*, 469 U.S. 287, 304 (1985) (holding that Medicaid "benefits" under the Rehabilitation Act are "the individual services offered" not the "amorphous objective of 'adequate health care'"); *Rodriguez v. City of New York,* 197 F.3d 611, 618–19 (2d Cir.1999) (finding that where state did not provide safety-monitoring services to the physically disabled, the ADA did not compel the state to provide such services to the mentally disabled). Thus, Plaintiff has failed to state a claim under the ADA or Rehabilitation Act.

Date: September 26, 2023                                             Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Pamela A. Disney*
PAMELA A. DISNEY [1601225]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 807-0371
Email: pamela.disney@dc.gov

*Counsel for Defendant*