UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREAD FOR THE CITY,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 1:23-cv-01945 (ACR) |

## ORDER

In July 2023, Plaintiff Bread for the City filed this lawsuit challenging Defendant the District of Columbia's (Defendant or the District) "reliance on Metropolitan Police Department (MPD) officers as the default first responders for mental health emergencies, an approach to emergency response services that discriminates against people with mental health disabilities." Dkt. 1 ¶ 1. The same day Plaintiff filed its complaint, which brings claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* (ADA) and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *see* Dkt. 1, it also filed a notice contending this case is related to *M.J. v. District of Columbia*, No. 1:18-cv-01901, because both cases involve common issues of fact, Dkt. 3. The notice stated that both cases allege the District's provision, or lack thereof, of mental health crisis response services, including "mobile crisis services," violates the ADA and Rehabilitation Act. *Id.* at 2. In September 2023, Defendant filed a motion seeking to return this case to the Calendar Committee for reassignment, arguing this case is not related to *M.J.* Dkt. 16. Upon review of the motion, the relevant briefing, and the record, the Court finds

1

the two cases are related under Local Civil Rule 40.5(a)(3) because they "involve common issues of fact," LCvR 40.5(a)(3), and **DENIES** Defendant's Motion for Reassignment.

"Local Civil Rule 40.5, more commonly referred to as the related case rule, stands as an exception to the general rule of random case assignment." *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 139 (D.D.C. 2010) (cleaned up). "The rule provides that when a new case is 'related' to a case pending before a judge in this district, the new case is assigned to the judge to whom the pending related case has been assigned." *Id.* (quoting LCvR 40.5(c)). Under Rule 40.5(a)(3), "cases are deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact." LCvR 40.5(a)(3). "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil 40.5." *Autumn Journey*, 753 F. Supp. 2d at 140 (cleaned up).

The Court finds that this case and *M.J.* involve important common issues of fact—the effectiveness, or lack thereof, of the District's emergency youth mental health services, including mobile crisis services provided by Children and Adolescent Mobile Psychiatric Services (ChAMPS). This case, which is in its early stages, involves several factual allegations that ChAMPS is under-resourced and ineffective. *See* Dkt. 1 ¶¶ 105, 107–09, 160, 162, 164. As the District's notice regarding its anticipated motion to dismiss explains, the "essence [of] Plaintiff's claim is that the District should provide services (that it currently does not) to individuals experiencing mental health crises, and Plaintiff believes those services should meet certain standards of care tailored to mental health needs." Dkt. 17 at 3. In *M.J.*—in which a motion for class certification is currently pending and there is thus a more developed record—the plaintiffs allege that the District does not provide intensive community-based services (ICBS), which

consist of three components, including mobile crisis services. Case No. 1:18-cv-01901, Dkt. 99 ¶ 41. In briefing, declarations, and other filings, the parties in *M.J.* dispute the effectiveness of the District's mobile crisis services for youth, including ChAMPS specifically. *See, e.g.*, Case No. 1:18-cv-01901, Dkt. 113 at 5–6; Dkt. 113-1 ¶¶ 35–41; Dkt. 114 at 10; Dkt. 117 at 38:11–24, 53:19–54:1; Dkt. 122-1 at 23–24.

The District argues that the operative *complaint* in *M.J.* does not involve common issues of fact, but the Court agrees with Plaintiff that "[i]t would defeat the judicial economy goals of Rule 40.5 if courts determined relatedness by considering pleadings in isolation from the proceedings as a whole." Dkt. 23 at 5. That principle is especially apt here, where the Court will soon hold a second hearing on class certification in *M.J.* based on the declarations, briefing, and available record. Further, whether "the *M.J.* plaintiffs are challenging ChAMPS on an entirely *different* basis," Dkt. 25 at 2, does not control the related case inquiry. Instead, the Court finds that the two cases will require "similar factual determinations . . . related to the [District's] process for" providing mobile crisis services and the District's "justifications for [its] regulations and policies" under the ADA and the Rehabilitation Act. *Singh v. McConville*, 187 F. Supp. 3d 152, 156 (D.D.C. 2016).

For the reasons set forth above, it is hereby **ORDERED** that Defendant's Motion for Reassignment, Dkt. 16, is **DENIED**, and the instant case will not be referred to the Calendar Committee for reassignment.

**SO ORDERED.**

Date: October 18, 2023

ANA C. REYES
United States District Judge