UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BREAD FOR THE CITY,

           Plaintiff,

v.

DISTRICT OF COLUMBIA,

           Defendant.

No. 1:23-cv-01945-ACR

**JOINT STATUS REPORT**

Pursuant to this Court's November 27, 2023 Minute Order (the "Order"), Plaintiff Bread for the City ("Plaintiff") and Defendant District of Columbia (the "District") submit this joint status report and Plaintiff's proposal for limited discovery while the District's motion to dismiss is pending.

The Order provides, in relevant part, that (i) "on or before December 11, 2023, the [P]arties' relevant experts or officials shall meet and confer as discussed" during the November 27, 2023 Pre-Motion Conference, and (ii) "on or before December 18, 2023, the parties shall provide a joint status report with Plaintiff's proposal for limited discovery while Defendant's motion to dismiss is pending."

On December 11, 2023, counsel for Plaintiff and the District, three of Plaintiff's experts, five subject matter experts from the four relevant District agencies, as well as representatives from the general counsel's office from each agency, and counsel for and a representative of the Fraternal Order of Police, Metropolitan Police Labor Committee, D.C. ("D.C. Police Union") held a "Working Group Conference" in connection with the Order.  The Working Group

1

conference lasted an hour and a half.[1]  The District does not wish to schedule further meetings of the Working Group at this time, pending the Court's ruling on the District's forthcoming motion to dismiss.  Plaintiff remains open to further Working Group conferences in the hopes of working in good faith to explore resolving this matter as promptly as possible.

On December 14, 2023, counsel for Plaintiff provided counsel for the District with a proposal for limited discovery while Defendant's motion to dismiss is pending.  On December 15, 2023, counsel for the Parties met and conferred about Plaintiff's proposal for limited discovery.  Plaintiff's proposal for limited discovery concerns the agencies and programs involved in the District's crisis response system—namely the Metropolitan Police Department ("MPD"), the D.C. Office of Unified Communications ("OUC"), Community Response Teams ("CRT"), Child and Adolescent Psychiatric Services ("ChAMPS"), the Access Helpline, and D.C. Fire and Emergency Medical Services.

The Parties agreed that the District would provide, within 45 days[2] after Plaintiff submits its formal discovery requests, responses addressing requests covering the following proposed discovery topics:

1. Documents sufficient to identify the organizational structure and staffing of OUC, CRT, ChAMPS, and the Access Helpline.

2. Documents sufficient to identify the amount and sources of funding the District relies on for CRT, ChAMPS, and the Access Helpline.

3. Final documents evaluating the District's mental health crisis response services since December 1, 2021 and/or stating changes that are expected to occur in those services in the next 18-24 months.

---

[1]     The Parties and participants in the Working Group Conference agreed to confidentiality protections for statements made and documents prepared in connection with the Working Group Conference.

[2]     Or within such time as the Parties may stipulate under Rules 33, 34, or 36.

4. A list of all OUC's call types, indicating the ones OUC staff can currently transfer to the Access Helpline and the ones the District expects to be authorized for such routing in the next 18 months.

5. Any policies or training curricula regarding how to identify, route, and/or respond to mental health incidents that the District provides to Access Helpline staff, MPD, co-response team members, CRT members, or ChAMPS members.

The District expressly reserves its right to object to producing documents, records, or other information which are protected by the attorney-client or deliberative process privileges, or the attorney work-product doctrine, or to producing confidential information prior to the entry of an appropriate protective order.

The Parties were unable to reach an agreement on other discovery topics proposed by Plaintiff, listed below.

A. Any policies or training curricula D.C. provides to OUC staff on how to identify calls related to mental health incidents, when to route those calls to the Access Helpline, and when to route other responding agencies to the scene.

B. An Excel spreadsheet or other summary document provided monthly to Plaintiff while the motion to dismiss is pending regarding (i) the calls OUC received from call types related to mental health incidents, and (ii) the calls the Access Helpline received, that specifies for each call: the date; the time of the call; the call type; the approximate location of the incident discussed in the call; the agency/agencies (i.e., MPD, FEMS, Access Helpline, CRTs, ChAMPS) to which the call was routed and that actually responded to the call; the CAD narrative; the time from receipt of each call to arrival of the responding agency/agencies (if any); and the outcome of the call (e.g., whether the individual was arrested).

**The District's Position**

Preliminarily, the District notes that discovery in this case would be premature because its forthcoming motion to dismiss will seek dismissal of the case in its entirety. *See Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."). Additionally, the information sought would not aid the

Parties in coming to an early settlement, because the District is not currently considering settlement of this case, with a dispositive motion forthcoming.

Separately, it is the District's position that any protocols or data relating to OUC, the agency that manages the District's 911 program, are not appropriate for discovery at this time, because OUC will, on January 9, 2024, launch a new software ("PowerPhone") that will overhaul the process of routing calls, including calls for mental health emergencies.  Regardless of whether the District's motion to dismiss is denied, Plaintiff seeks only injunctive, not retrospective relief, rendering information about discontinued programs stale and irrelevant.  The District is fully amenable to providing relevant, responsive information about OUC's protocols and OUC data once the PowerPhone system is fully operational, and believes it would be most efficient for the Parties to negotiate the scope of OUC-related productions on an ongoing basis while PowerPhone is implemented in the forthcoming months, while proceeding with the production of the other, currently-relevant records detailed above.

**Plaintiff's Position**

It is Plaintiff's position that permitting limited discovery pending resolution of the District's forthcoming motion is proper.  Federal Rule of Civil Procedure 26(d)(1) authorizes the Court to order discovery before a 26(f) conference and the Court has "broad discretion over" whether to do so.  *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020) (discussing district courts' discretion over "timing" of discovery).  After reviewing letter briefs on the District's pending motion, the Court concluded in the November 27 hearing that it would not allow that motion to "hold up this litigation," Nov. 27, 2023 Hr'g. Tr. 29.6-8, and instructed Plaintiff to propose limited discovery that would allow the "working group to continue to work together," *id.* 36.24-37.2, to "figure out a way forward," *id.* 33.25-34.1.  Plaintiff believes that

4

ordering such discovery, and ongoing good faith conversations based on it, is a proper exercise of the Court's discretion to promote prompt resolution of this case.

The disputed limited discovery requested above—which concerns OUC's decision-making protocols and outcomes when receiving calls related to mental health incidents—are necessary to resolve this matter because of the critical role OUC plays in determining which agency responds to mental health crises. Plaintiff's Complaint alleges that "the vast majority of people seeking government assistance with a mental health emergency contact the District's emergency response program by dialing 911." ECF 1 ¶ 82. In light of the District's position, Plaintiff proposes that the Court permit the following discovery requests to be served but not require the District to respond until one month after PowerPhone's launch date or March 1, 2024, whichever happens first, without prejudice to Plaintiff's ability to seek additional discovery during any discovery phase occurring after the motion to dismiss is resolved, including by submitting requests for OUC and other agency data and protocols arising from time periods before and after the anticipated PowerPhone launch.

December 18, 2023

Respectfully submitted,

/s/ *Ashika Verriest*
Ashika Verriest* (D.C. Bar No. 90001468)
Jenn Rolnick Borchetta*
Brian Dimmick (D.C. Bar No. 1013979)
Susan Mizner
West Resendes
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(240) 676-3240
averriest@aclu.org

*Admitted pro hac vice*

Michael Perloff (D.C. Bar No. 1601047)

Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 716-1427
mperloff@acludc.org

Daniel L. Brown (N.Y. Bar No. 2978559)
Steven Hollman (D.C. Bar No. 375658)
Nikole Snyder (D.C. Bar No. 1670948)
Calla N. Simeone (D.C. Bar No. 1766258)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave. NW, Ste. 100
Washington, D.C. 20006
Telephone: (202) 747-1941
dbrown@sheppardmullin.com
shollman@sheppardmullin.com
nsnyder@sheppardmullin.com
csimeone@sheppardmullin.com

*Counsel for Plaintiff*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*
PAMELA A. DISNEY [1601225]
BRENDAN HEATH [1619960]
ADAM P. DANIEL [1048359]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW

Washington, D.C. 20001
Phone: (202) 442-9880
Email: brendan.heath@dc.gov

*Counsel for Defendant*