UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,**<br><br>      Plaintiff,<br><br>      v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>      Defendant. | Civil Action No. 1:23-cv-01945-ACR |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY
IN FURTHER SUPPORT OF ITS OPPOSED MOTION FOR
RECONSIDERATION OF THE DECEMBER 19, 2023 MINUTE ORDER**

The District of Columbia (the District) moved the Court to reconsider that portion of the December 19, 2023 Minute Order (December 19 Order) requiring subject matter experts from various District agencies to participate with Plaintiff's experts in a working group, both before the District's fully dispositive motion to dismiss is decided and after, if the case proceeds to discovery, because such relief is not permitted under the Rules.  Plaintiff's opposition fails to respond to any of the District's arguments and simply rests on the proposition that the December 19 Order is a proper exercise of the Court's inherent authority to order parties to meet and confer.  Pl.'s Opp'n [45] at 2–3.  But this patently mischaracterizes the nature of the working group and is not supported by any case law or authority that Plaintiff cites.

**ARGUMENT**

Perhaps most striking about Plaintiff's opposition is what it does not dispute and therefore concedes:  The December 19 Order does not meet the threshold requirements for "grant[ing] a preliminary injunction, early merits discovery . . . or compulsory alternative dispute resolution [(ADR)]."  Pl.'s Opp'n at 1 n.1; *see Wannal v. Honeywell, Inc.*, 775 F.3d 425, 428

(D.C. Cir. 2014); LCvR 7(b); District's Mem. at 8–17.  Plaintiff attempts to disregard the District's analysis of the relevant standards as "hypothetical" because the December 19 Order did not explicitly label the working group as a preliminary injunction, early discovery, or ADR. Pl.'s Opp'n at 1 n.1.  But, tellingly, Plaintiff makes no argument that the working group does not operate in effect as such.  *See id.* at 1 & n.1.  It does.  District Mem. [44-1] at 5–6, 8–17.

Plaintiff's argument that the December 19 Order was a proper exercise of the Court's inherent authority is unsupported and incorrect.  To begin, Plaintiff cites a long string of cases in an attempt to argue that the Court's use of its inherent authority was proper, none of which bear any resemblance to the December 19 Order at issue here.  *See* Pl.'s Opp'n at 1–2 (citing *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991) (discussing courts' inherent authority to, among other things, "impose silence, respect, and decorum," "control admission to is bar and discipline attorneys who appear before it," and "punish for contempt" including by "assess[ing] attorney's fees against counsel"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1935) (discussing courts' inherent power to stay their docket); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir. 1989) (finding courts have inherent authority "to order represented parties to appear at pretrial settlement conferences" under Rule 16 ).  Plaintiff implies that there is "a dearth of case law discussing instances" like the December 19 Order because the inherent power of federal courts to manage cases efficiently is well-recognized.  Pl.'s Opp'n at 2.  The District does not dispute that federal courts have inherent powers to manage their dockets, but "inherent powers must be exercised with restraint and discretion," *Chambers,* 501 U.S. at 44, and "cannot be exercised in a manner that contradicts an applicable statute or rule," *In re Atl. Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002); *see Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020).  *See also* District's Mem. at 17–18.  Even the cases Plaintiff relies on

recognize that the dearth of related case law is due to the fact that "courts infrequently resort to their inherent powers," *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561 (3d Cir. 1985), "because the rules [ ] take care of most situation[s]," *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 11 (1st Cir. 1985).  *See* Pl.'s Opp'n at 2 n.2, 4 (citing the same).

Next, Plaintiff's characterization of the December 19 Order as simply requiring a "meet and confer" or "pretrial conference" as authorized under Rule 16 is disingenuous.  Pl.'s Opp'n at 3–4; *see id.* at 1–3 & nn.2–3.  The December 19 Order did not merely order the Parties "to agree on a schedule to meet and confer" to "facilitate resolution by narrowing the areas of dispute and to narrow the areas of discovery" under Rule 26(f).  Pl.'s Opp'n at 2–3.  Nor does the December 19 Order require the Parties to subsequently appear at conference where *the Court* will "issue an order" that "controls the course of the action unless the [C]ourt modifies it."  Fed. R. Civ. P. 16(d); *cf.* Fed. R. Civ. P. 26 *et seq*.  Rather, the December 19 Order that the District participate in a regular working group with Plaintiff, its experts, and amicus, to discuss the very merits of Plaintiff's complaint, operates most accurately as a preliminary injunction, with the benefit to Plaintiff of expedited discovery, and compulsory ADR, without the benefit of the requisite "neutral third party [who] participates to assist in the resolution of issues in controversy."[1]  28 U.S.C. § 651(a); *see* 28 U.S.C. § 652(a); District's Mem. at 5–6, 8–17.

Finally, Plaintiff does not dispute the burden and prejudice placed on the District by its Court-mandated participation in the working group.  *See Wannal*, 775 F.3d at 428; LCvR 7(b).  Plaintiff does not dispute that it "would like the working group to continue meeting" because "it

---

[1] Moreover, the statute and local rules governing "compulsory alternative dispute resolution mechanisms" control where it [is] expected that a natural by-product of" the compulsory working group explicitly contemplated by the December 19 Order is "to facilitate resolution" of the underlying matter; that is exactly what "[t]he limiting phrase" in Rule 16(c)(2)(I) addresses.  Pl.'s Opp'n at 1–3 & nn.1, 3; *see* District's Mem. at 5–6, 16–19.

3

provides Plaintiff with ready access to some of the District's top policy makers" who are "the same officials who are likely to be called upon as witnesses if the case proceeds through discovery." District's Mem. at 11–12, 18; *see id.* at 13–15. Nor does Plaintiff dispute that "the federal and local rules already provide the Court and the Parties everything they need to 'secure the just, speedy, and inexpensive determination of [this] action'" in the normal course of civil litigation. *Id.* at 18 (quoting Fed. R. Civ. P. 1); *id.* at 8–9. Meaning, Plaintiff concedes that, even if the Court had inherent authority to order a working group, the Order here is "fundamentally inequitable, inefficient, prejudicial, and disproportionate to the prospective needs of this case." *Id*. at 18–19; *see Strike 3*, 964 F.3d at 1208.

## CONCLUSION

For the foregoing reasons and those stated in District's supporting memorandum [44-1], the Court should grant the District's Motion for Reconsideration [44] and vacate the December 19, 2023 Minute Order commanding "that the Working Group shall continue to meet pending the Court's resolution of Defendant's motion to dismiss, and after the resolution of such motion it is denied."

Date: February 16, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1018978]
Assistant Chief, Equity Section

*/s/ Adam P. Daniel*
ADAM P. DANIEL [1048359]
PAMELA A. DISNEY [1601225]
BRENDAN R. HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 442-7272
Email: adam.daniel@dc.gov

*Counsel for Defendant District of Columbia*