UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,**<br><br>       Plaintiff,<br><br>  v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>       Defendant. | Civil Action No. 1:23-cv-01945-ACR |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO SHOW CAUSE ORDER**

Defendant District of Columbia (the District) responds to the Court's April 30, 2024 Minute Order (April 30 Order) to "show cause . . . why the Court should not order mediation with a private mediator chosen by the parties with experience with the ADA and Rehabilitation Act and/or the issues raised in the Complaint, with the parties to share the costs evenly."[1]  As a government defendant frequently brought before this Court, the District fully recognizes that "[m]ediation . . . can benefit many litigants," LCvR 84(a), "at an appropriate stage in the litigation," 28 U.S.C. § 652(a).  Accordingly, the District regularly reviews all its cases throughout the course of litigation to determine whether and when to settle out of court or obtain "a consent order referring the case to the Mediation Program" or a magistrate judge based on the specific circumstances of each individual case.[2]  LCvR 84.4(a)(1); *see* Fed. R. Civ. P.

---

[1]     The transcript of the related April 30, 2024 hearing could not be made available prior to the District's deadline for responding to the April 30 Order.

[2]     Undersigned counsel have all proactively entered settlement negotiations or asked for cases to be referred to mediation in appropriate cases in district court. *See, e.g.*, *Hinton v. District of Columbia*, Civil Action No. 1:21-01295-JDB (staying litigation prior to responding to the complaint for settlement talks with plaintiff, who was represented by the ACLU) (Disney, Heath); *Benjamin v. Colbert, et al.*, Civil Action No. 1:23-02315-RCL (staying litigation to pursue settlement talks with plaintiff, represented by the ACLU, prior to the completion of

53(a)(1)(A); *see also* LCvR 73.1.  The District also recognizes the Court's expressed concerns about Plaintiff's allegations—which the District disputes—and reiterates that the District is actively working to transform its response to mental health emergencies, not because Plaintiff brought this lawsuit, but because the District continually strives to improve public services.  The District submits that its efforts to improve public services are not a basis for a lawsuit, an admission of liability, or cause to refer this case to mediation at this stage of the litigation.

If the Court finds cause to refer the case to mediation over the District's continuing objections, the District submits that there is no further cause to require the Parties to pay for a private mediator and requests that the Court instead refer the case to the Mediation Program or a magistrate judge for mediation.  *See* Fed. R. Civ. P. 53(a)(1)(A); LCvR 73.1, 84(a).

## RESPONSE

Courts "must take care to ensure that 'discretionary choices are . . . guided by sound legal principles,'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020) (quoting *United States v. Taylor*, 487 U.S. 326, 336 (1988)), and it is well settled law that '[a] judge may not coerce a party into settling,'" *Cantu v. United States*, 908 F. Supp. 2d 146, 152 (D.D.C. 2012) (quoting *Gevas v. Ghosh,* 566 F.3d 717, 719 (7th Cir. 2009)), overturned on other grounds, 565 Fed. App'x *7, *10 (D.C. Cir. 2014) (recognizing "[i]t is well established that a court cannot order a party to settle.").  "[P]arties are [ordinarily] free to settle their disputes on their own terms" at any time.  *Frank v. Goss*, 139 S. Ct. 1041, 1046 (2019); *see also* LCvR 84.2(a), (b).

---

briefing on the District's partial motion to dismiss) (Disney); *V.C. v. District of Columbia,* Civil Action No. 1:23-01139-CKK (seeking referral to a mediator after the District answered the complaint but before discovery began) (Disney, Heath); *Crudup v. District of Columbia*, Civil Action No. 1:20-cv-001135-TSC (staying case during discovery and referring directly to magistrate judge for mediation) (Daniel, Heath).

I.      **Court-Ordered Mediation Is Not Appropriate in this Case at this Time.**

The Court has discretion to refer a case to mediation at any point that mediation becomes appropriate based on the individual circumstances and context of the case.  *See* 28 U.S.C. § 652(a); LCvR 84.4(b).  For the reasons below, the District believes mediation would not be productive or appropriate in this case at the present time.

*First*, it is not in the District's interests here to pursue settlement before the threshold legal questions raised by its Motion to Dismiss [42] are decided.  *See generally* Fed. R. Civ. P. 16(c)(9) advisory committee's note to 1993 amendment (noting "that the unwillingness of a party to be available . . . may be a clear signal that the time and expense involved in pursuing settlement is likely to be unproductive").  The pending dispositive motion and possible future amendments to the Complaint have the potential to alter the scope of this case or eliminate it entirely.  And, if the case should survive the motion to dismiss, the District expects to take discovery from Plaintiff, which would be necessary to facilitate any meaningful settlement discussions.

*Second*, a major reason why local courts and litigants use mediation is the need for "[t]he mediator [to] improve[ ] communication" between parties that are unable to effectively communicate with each other on their own.  *See* LCvR 84.2(a) ("The mediator improves communication . . . ."); Dina Gold, et al., Mediation Program, U.S. Dist. Ct. for D.C., *The District Court Mediation Program*, at 2 ("Are emotions so high or impeding settlement that a mediator could assist the parties better communicate with each other?"), available at https://www.dcd.uscourts.gov/sites/dcd/files/District%20Court%20Mediation%20Program %20Brochure%20%26%20FAQs_01.30.23.pdf (last visited May 2, 2024).  But communication is not an issue here.  Plaintiff's counsel and the District's counsel have a civil and productive

working relationship, both individually and institutionally. *See* above n.2. If circumstances or relationships should change such that mediation would help to facilitate communications, the District will work with Plaintiff to request a referral to mediation at that point. *See The District Court Mediation Program*, at 2–3.

*Third*, the District recognizes that no public program is perfect and that there is always room for improving public services. The District submits, however, that this reality is not itself cause to refer this or any other case to mediation. The provision of public services is an iterative process addressing complex and evolving public policy issues that requires the District to make sensitive decisions about how to allocate scarce public resources according to the various priorities set by the democratically-elected branches of the government on an ongoing basis. *See, e.g.*, *Horne v. Flores*, 557 U.S. 433, 447–50 (2009) (recognizing federalism and separation of power implications in cases involving "areas of core state responsibility" and where a judicial decision "has the effect of dictating state or local budget priorities"). As such, "courts must remain attentive to the fact that 'federal-court decrees exceed appropriate limits if they are aimed at eliminating a condition that does not violate federal law or does not flow from such a violation.'" *Id*. at 450 (quoting *Milliken v. Bradley*, 433 U.S. 267, 282 (1977)). Here, the District maintains that, on the law, Plaintiff fails to state a claim. *See* Def.'s Mot. Dismiss [42]. And, on the facts, Plaintiff's Complaint includes outdated and inaccurate statements or implications about the District's policies and practices.

*Fourth*, the District stresses that it is not objecting to either the working group or mediation because it is categorically opposed to Plaintiff sharing its ideas for how the District might improve the public services at issue in this case. To the contrary, the agencies involved

4

regularly hear from stakeholders, including from amici in this very case,[3] through various channels outside of litigation.  Plaintiff is free to join those conversations.  That said, the District's public officials should not be required to expend additional time and resources listening to Plaintiff's public policy recommendations simply because Plaintiff filed a lawsuit—especially one that the District does not believe has any legal or factual merit.  *See G. Heilmen Brewing v. Joseph Oats Corp.*, 871 F.2d 648, 659 (7th Cir. 1989) (Posner, J., dissenting) ("One reason people hire lawyers is to economize on their own investment of time in resolving disputes.").  Simply put, Plaintiff is not merely seeking a seat at the table to offer its ideas to the District for free.  Plaintiff filed a lawsuit in federal court seeking attorney's fees and extraordinary relief—whether by way of settlement agreement, consent decree, or injunction—requiring the District to develop public policy in the way that Plaintiff wants.  *See, e.g.*, *Salazar by Salazar v. District of Columbia*, 896 F.3d 489, 497 (D.C. Cir. 2020) (recognizing injunctions are doubly exceptional relief "when the judicial branch undertakes to restructure the operations of an executive branch of government and to superintend its operations on an ongoing basis").

In sum, because there is an open legal question about whether Plaintiff's case against the District can proceed at all, the Parties and their counsel are not suffering from communications issues, and the District already offers multiple avenues for stakeholder input, there is not cause to refer the case to mediation at this time.  Of course, circumstances may change if the litigation proceeds.  The District will listen in good faith and consider any proposals Plaintiff may

---

[3]   *See, e.g.*, FY2025 Budge Oversight of the Dep't of Behavior Health, https://lims.dccouncil.gov/Hearings/hearings/324 (follow "Download Official Witness List" hyperlink); FY2023 Performance Oversight of the Dep't of Behavioral Health, https://lims.dccouncil.gov/Hearings/hearings/247 (follow "Download Official Witness List" hyperlink).

eventually offer and will continue to proactively evaluate this case to decide whether and when to pursue mediation and settlement.

## II. The Local Rules Do Not Provide for Referral to Private Mediation.

This court "makes mediation services available to litigants on a *pro bono* basis," LCvR 84(a), "subject to the availability of qualified mediators," LCvR 84.4(a). The Local Rules do not, however, envision referral to a private mediator outside of the Parties doing so "independently." LCvR 84(b). Rather, if the case is referred to mediation, the referring court sets the mediation deadline, and the Rules give the "[m]ediator[ ] . . . discretion to structure the mediation." LCvR 84.7(b).

For the reasons stated above, the District does not consent to mediation, whether private or through the Court's Mediation Program or before a magistrate judge. Should the Court find cause to order the Parties to participate in mediation, however, the District believes it would exceed the scope of the Local Rules to order the Parties to pay for and attend private mediation. Therefore, the District requests that should the Court make any a mediation referral, it be to either the Mediation Program or a magistrate judge to structure and run mediation. *See* Fed. R. Civ. P. 53(a)(1)(A); LCvR 73.1, 84(a).

## CONCLUSION

For the foregoing reasons, the Court should find that there is not cause to refer this case to mediation over the District's objection.

Date: May 6, 2024                                   Respectfully submitted,

                                                    BRIAN L. SCHWALB
                                                    Attorney General for the District of Columbia

                                                    STEPHANIE E. LITOS
                                                    Deputy Attorney General
                                                    Civil Litigation Division

       */s/ Matthew R. Blecher*
       MATTHEW R. BLECHER [1012957]
       Chief, Civil Litigation Division, Equity Section

       */s/ Honey Morton*
       HONEY MORTON [1018978]
       Assistant Chief, Equity Section

       */s/ Adam P. Daniel*
       ADAM P. DANIEL [1048359]
       PAMELA A. DISNEY [1601225]
       BRENDAN R. HEATH [1619960]
       Assistant Attorneys General
       Civil Litigation Division
       400 6th Street, NW
       Washington, D.C. 20001
       Phone: (202) 442-7272
       Email: adam.daniel@dc.gov

       *Counsel for Defendant District of Columbia*