UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,**<br><br>　Plaintiff,<br><br>　v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>　Defendant. | Civil Action No. 1:23-cv-01945-ACR |

## NOTICE OF SUPPLEMENTAL AUTHORITY

In connection with defendant District of Columbia's pending motion to dismiss, Plaintiff Bread for the City respectfully submits as supplemental authority the Findings and Recommendation, dated August 30, 2024, in the matter entitled *Disability Rights Oregon v. Washington County*, Case No. 3:2024-cv-00235, pending in the United States District Court for the District Of Oregon (the "Findings and Recommendation"), attached as Exhibit A.

In that case:

> Broadly stated, Plaintiffs allege that, in Washington County, when someone suffers a physical health crisis, they can call 911 for emergency help, and Defendants respond with "qualified health professionals, who are specifically trained to assess an emergent health issue, offer stabilization and treatment at the point of contact, and if necessary, transport them to a specialized treatment facility." ([Compl.] ¶ 2.) By contrast, when someone suffers a mental health crisis and calls 911 for emergency help, Defendants do not send medical professionals as primary responders but instead respond with "tactically-trained and armed law enforcement officers who are more likely to exacerbate, rather than resolve, the mental health crisis[.]" (*Id.*; *see also id.* ¶ 109.) Plaintiffs assert that Washington County's emergency response to mental health crises results in danger to the person in crisis, such as the use of force, chemical sedation, involuntary and unnecessary hospitalization, arrest, and jail, and that people with mental health disabilities "frequently do not receive the urgent medical care they require and instead, face an array of adverse outcomes." (*Id.* ¶¶ 3, 11, 71-72, 136.) . . . . Accordingly, Plaintiffs allege that Defendants violated Title II of the ADA, 42 U.S.C. § 12131 ("Title II"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). (*Id.* at 2, 52-58.)

Findings and Recommendation, p.5.

Defendants filed motions to dismiss for, *inter alia*, failure to state a claim on multiple grounds based on arguments similar to those made in this action. The court concluded: "Even if people with mental health disabilities can access some of the benefits of Defendants' dispatch, such as consistent access to firefighters in the case of a fire or even access to EMTs and paramedics in the case of a physical health emergency, Plaintiffs have adequately alleged that they do not have equal opportunity to gain the benefits of consistent access to emergency medical service for all health emergencies." *Id.* at 51-52.

The court recommended that the district judge deny the motions to dismiss. Objections, if any, are due by September 13, 2024.

Dated: September 6, 2024

/s/ *Michael Perloff*
Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 716-1427
mperloff@acludc.org

Ashika Verriest (D.C. Bar No. 90001468)
Jenn Rolnick Borchetta*
Brian Dimmick (D.C. Bar No. 1013979)
Susan Mizner
West Resendes
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(240) 676-3240
averriest@aclu.org

Daniel L. Brown* (N.Y. Bar No. 2978559)
Steven P. Hollman (D.C. Bar No. 375658)
Nikole Snyder (D.C. Bar No. 1670948)
Calla N. Simeone (D.C. Bar No. 1766258)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave. NW, Ste. 100

                    Washington, D.C. 20006
Telephone: (202) 747-1941
dbrown@sheppardmullin.com
shollman@sheppardmullin.com
nsnyder@sheppardmullin.com
csimeone@sheppardmullin.com

*Admitted pro hac vice*

*Counsel for Plaintiff*

3