**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BREAD FOR THE CITY,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | **Civil Action No. 1:23-cv-01945-ACR** |

<u>**DEFENDANT DISTRICT OF COLUMBIA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendant the District of Columbia (the District) answers Plaintiff's Complaint [1] under

Federal Rule of Civil Procedure 8(b) as follows.

<u>**DEFENSES**</u>

The District asserts and preserves the defenses listed below based on information currently

available.  The District reserves the right to withdraw these defenses or assert additional defenses

as additional information becomes available.

**FIRST DEFENSE**

Plaintiff lacks standing to pursue its claims.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Some or all of Plaintiff's claims may be barred, in whole or in part, by the applicable

statute of limitations.

### FOURTH DEFENSE

Plaintiff may have failed to exhaust its administrative remedies.

### FIFTH DEFENSE

Plaintiff is not entitled to any equitable relief from this Court because of its own actions or inactions.

### SIXTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the injunctive relief requested by Plaintiff exceeds the scope of its claims.

### SEVENTH DEFENSE

The District acted at all relevant times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

### EIGHTH DEFENSE

The doctrines of estoppel, unclean hands, and laches may equitably bar Plaintiff from seeking the relief sought in the Complaint.

### NINTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from its own willful, illegal, negligent, or otherwise harmful conduct or from the sole or concurring acts of a persons or persons other than the District.

### TENTH DEFENSE

The Complaint should be dismissed, in whole or in part, because Plaintiffs failed to join a party as required by Fed. R. Civ. P. 19.

### ELEVENTH DEFENSE

The District's services are administered in a non-discriminatory manner.

## TWELFTH DEFENSE

Plaintiff has an equal opportunity to benefit from the District's services as any other member of the public.

## THIRTEENTH DEFENSE

The accommodation Plaintiff seeks would not be reasonable, would cause the District undue burden or hardship, and/or constitutes a fundamental alteration to the District's services.

## FOURTEENTH DEFENSE

The District already provides the services Plaintiff seeks in a non-discriminatory manner.

## FIFTEENTH DEFENSE

Any deficiency or inadequacy in any of the District's services is not sufficiently widespread to justify the system-wide relief Plaintiff seeks.

## ANSWER TO PLAINTIFF'S COMPLAINT

The District responds to the individually-numbered paragraphs of Plaintiff's Complaint below. Any allegation not specifically admitted or otherwise addressed in this Answer is denied. References by the District to materials cited in the Complaint are not to be construed as admissions that the materials are correctly cited, quoted, or characterized by Plaintiff, or that the materials are admissible in or relevant to this or any other action.

## INTRODUCTION[1]

1. This paragraph purports to characterize the nature of Plaintiff's action and draws a legal conclusion. To the extent a response is required, the District denies the allegations in this paragraph.

---

[1] Headings corresponding to those in Plaintiff's Complaint are provided only to assist in reviewing the Answer. The District denies all statements in the Complaint's headings. In addition, to the extent not specifically addressed below, the District denies all statements in the Complaint's footnotes.

3

2.      This paragraph makes conclusory allegations broadly characterizing the general nature of the District's conduct and draws a legal conclusion.  To the extent a response is required, the District denies the allegations in this paragraph.

3.      This paragraph purports to state Plaintiff's theory of this action and draws a legal conclusion.  To the extent a response is required, the District denies the allegations in this paragraph.

4.      The District lacks sufficient information to admit or deny the uncited allegations in this paragraph.

5.      The District lacks sufficient information to admit or deny the uncited allegations in this paragraph.

6.      The District lacks sufficient information to admit or deny the allegations in this paragraph.

7.      The District lacks sufficient information to admit or deny the allegations in this paragraph.

8.      The District lacks sufficient information to admit or deny the allegations in this paragraph.

9.      The District admits that it employs community response teams (CRTs) and certified peer support specialists to address mental health emergencies in the city and denies the remaining allegations in this paragraph.

10.     This paragraph makes conclusory allegations characterizing the general nature of the District's conduct.  To the extent a response is required, the District denies the allegations in this paragraph.

11. The District admits that, at the time of this filing, it has approximately 1700 employees with EMT-9 (basic) certification, approximately 400 employees with EMT-P (paramedic) certification, and approximately 32 deployable CRT staff. The District denies all other allegations in this paragraph.

12. The District admits that EMTs (basic or paramedic) should respond to 911 calls in 5 minutes and that Advanced Life Support (ALS, EMT-P, or paramedic) should respond to 911 calls in 9 minutes. The remainder of this paragraph consists of conclusory allegations broadly categorizing CRT response time. To the extent that a response is required, the District denies the remaining allegations in this paragraph.

13. The District denies the allegations in the first sentence of this paragraph. The District lacks sufficient information to admit or deny the allegations in the remainder of this paragraph.

14. The District denies that it "fail[s] to provide appropriate emergency responses to mental health crises." The District lacks sufficient information to admit or deny the allegations in the remainder of this paragraph.

15. This paragraph, including its three subparagraphs, consists of statutory and regulatory citations and conclusions. The District states that the cited statutory and regulatory provisions and related caselaw are the best evidence of their content and meaning. To the extent a response is required, the District admits that the statutory and regulatory provisions exist and denies all other allegations in this paragraph.

16. This paragraph consists of a statutory reference and legal conclusion. The District states that the statute and related caselaw is the best evidence of its contents and meaning. To

the extent a response is required, the District admits that the statute exists and denies all other allegations in this paragraph.

17. The District lacks sufficient information to admit or deny the allegations in this paragraph.

18. This paragraph makes conclusory allegations characterizing the general nature of the District's conduct and draws a legal conclusion. To the extent a response is required, the District denies the allegations in this paragraph.

## JURISDICTION AND VENUE

19. This paragraph purports to characterize the nature of this action and draws a legal conclusion. To the extent that a response is required, the District admits that 28 U.S.C. § 1331 grants this Court jurisdiction over claims arising under the laws of the United States and denies the remaining allegations in this paragraph.

20. This paragraph draws a legal conclusion. To the extent that a response is required, the District admits that this Court has authority to grant declaratory and injunctive relief but denies that Plaintiff is entitled to such relief.

21. This paragraph purports to characterize the nature of this action and draws a legal conclusion. To the extent that a response is required, the District admits that venue is proper for events occurring within the District of Columbia and denies all other allegations in this paragraph.

## PARTIES

22. The District lacks sufficient information to admit or deny the allegations in this paragraph.

23.     The District admits that the District of Columbia is a municipal corporation that includes the Metropolitan Police Department (MPD), District of Columbia Fire and Emergency Medical Services (FEMS), Department of Behavioral Health (DBH), and the Office of Unified Communications (OUC) among other departments, agencies, and offices under the laws of the District of Columbia.

**FACTS**

**I.      Mental Health Experts Agree That Police Officers Should Not Respond to Typical Mental Health Emergencies.**

> **A.      Typical Mental Health Emergencies Arise from Depression, Anxiety, and Post-Traumatic Disorders and Pose Risks Only to the Person in Crisis, If They Pose Risks to Anyone at All.**

24.     This paragraph makes conclusory allegations broadly characterizing mental health conditions and makes a legal conclusion about those conditions. To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

25.     This paragraph makes conclusory allegations broadly characterizing the risks of suicidal and self-harming behaviors. To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

26.     This paragraph makes conclusory allegations broadly characterizing societal perceptions of mental health conditions. To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

27.     The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

28.    The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content.  The District denies all other allegations in this paragraph.

29.    The District states that the materials cited in this paragraph are the best evidence of their content.  The District denies all other allegations in this paragraph.

**B.    Mental Health Experts Agree That Police Should Not Address Typical Mental Health Crises.**

30.    The District states that the materials cited in the footnotes associated with this paragraph are the best evidence of their content.  The District denies all other allegations in this paragraph.

31.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

32.    The District states that the material cited in the footnote associated with this paragraph is the best evidence of its content.  The District denies all other allegations in this paragraph.

33.    The District states that the material cited in the footnote associated with this paragraph is the best evidence of its content.  The District denies all other allegations in this paragraph.

34.    The District admits that the materials cited in the footnotes associated with this paragraph exist and states that they are the best evidence of their content.  The District denies all other allegations in this paragraph.

35.    The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content.  The District denies all other allegations in this paragraph.

36. The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

37. The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

38. The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

39. The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

40. The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

41. The District admits that the materials cited in the footnotes associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

42. The District lacks sufficient information to admit or deny the allegations in this paragraph.

43. The District lacks sufficient information to admit or deny the allegations in this paragraph.

II.    **MPD Officers Are Not Appropriate First Responders for Typical Mental Health Emergencies.**

44.    Denied.

A.    **MPD Trains Officers to Interact With Civilians in Ways Antithetical to Effective Crisis Response, While Vesting Officers With Broad Discretion to Handle Crises.**

45.    Denied.

46.    Admitted.

47.    The District admits that Crisis Intervention Officer (CIO) training is an elective 40 hour training course followed by an 8 hour refresher course and denies any remaining or inconsistent allegations in this paragraph.

48.    The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content. The District denies all other allegations in this paragraph.

49.    The District admits that certified peer support specialists are allowed to provide some but not all services in response to mental health emergencies and their training course consists of more hours than the CIO training course. The District denies all other allegations in this paragraph.

50.    Admitted.

51.    The District admits that the peer support specialist qualifications are defined in 22-A DCMR §§ 7300 *et seq.* The District states that the regulations are the best evidence of their content and denies all other allegations in this paragraph.

52.    This paragraph purports to broadly compare and draw legal conclusions related to peer support specialist qualifications and the composition of the MPD force. To the extent that a response is required, the District denies the allegations in this paragraph.

53.    This paragraph purports to summarize the views of an unidentified MPD officer and makes conclusory allegations broadly categorizing MPD officer training.  The District lacks sufficient information to admit or deny the views held by the unidentified officer.  The District denies all other allegations in this paragraph.

54.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

55.    This paragraph purports to summarize the views of an unidentified MPD officer and makes conclusory allegations broadly categorizing the actions of other MPD officers.  The District lacks sufficient information to admit or deny the views held by the unidentified officer. The District denies all other allegations in this paragraph.

56.    This paragraph makes conclusory allegations broadly characterizing individual reactions to interactions with other individuals.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

57.    The District admits that MPD officers have statutory authority to initiate and conduct involuntary transports.  The District denies all other allegations in this paragraph.

58.    Admitted.

59.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

60.    Denied.

61.    The District lacks sufficient information to admit or deny the allegations in this paragraph and the associated footnote.

62.    This paragraph and associated footnote purport to characterize DBH statistics about MPD practices.  The District admits that DBH maintains certain statistics and states that

11

those statistics are the best evidence of their content.  The District denies all other allegations in this paragraph.

63.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

64.     This subparagraph purports to describe another case before the United States District Court for the District of Columbia.  To the extent a response is required, the District admits the existence of *M.J. v. District of Columbia*, Civil Action 1:18-cv-01901-ACR, and states that the declarations of Kimberly Perry filed in that action are the best evidence of their content.  The District denies all other allegations in this paragraph.

65.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

66.     Denied.

67.     The District admits that MPD General Order 308.04 exists and states that it is the best evidence of its content.  To the extent that a further response is required, the District denies all other allegations in this paragraph.

68.     The District admits that the materials cited in the footnote associated with this paragraph exist and states that they are the best evidence of their content.  The District denies all other allegations in this paragraph.

**B.     MPD Officers' Response to Mental Health Crises Deprives Individuals of the Care They Need and Frequently Makes the Situation Worse.**

69.     The District lacks sufficient information to admit or deny the allegations in this paragraph and its associated subparagraphs.

70.     This paragraph purports to summarize the views of an unidentified MPD officer and makes conclusory allegations broadly categorizing unidentified MPD training.  The District

12

lacks sufficient information to admit or deny the views held by the unidentified officer and the content of the unspecified MPD training.

71.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

72.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

73.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

74.    The District denies that MPD officers respond to mental health emergencies in ways that subject the individual in crisis to unnecessary force and/or unwarranted legal actions. The District responds to the purported "examples" listed in subparagraphs a.–f., as follows:

a.    This subparagraph makes conclusory allegations broadly characterizing how a councilmember of the District of Columbia Council described an incident experienced by one of her constituents not identified in the Complaint. To the extent that a response is required, the District states that the record of the oversight hearing is the best evidence of the oversight hearing and denies all other allegations in this subparagraph.

b.    The District lacks sufficient information to admit or deny the allegations in this subparagraph and associated footnote.

c.    The District lacks sufficient information to admit or deny the allegations in this subparagraph and associated footnote.

d.    This subparagraph purports to describe another case that was before the United States District Court for the District of Columbia. To the extent a response is

13

required, the District admits the existence of *Wheeler v. American University*, Civil Action No. 1:20-cv-02735-CRC, and states that the evidentiary record in that case speaks for itself.  The District otherwise denies the allegations in this subparagraph.

e.  The District lacks sufficient information to admit or deny the allegations in this subparagraph and associated footnote.

f.  This subparagraph purports to describe another case before the United States District Court for the District of Columbia.  To the extent a response is required, the District admits the existence of *Lewis v. District of Columbia*, Civil Action No. 1:22-cv-03369-RDM, and states that the complaint in that case [1], which was drafted by the plaintiff without the District's input, is the best evidence of its contents.  The District denies all other allegations in this subparagraph.

## III.  MPD Is the District's Default First Responder for Mental Health Emergencies.

75.  This paragraph purports to summarize and draw a conclusion based on earlier allegations in the Complaint.  To the extent a separate response is required, the District denies the allegations in this paragraph.

76.  This paragraph makes conclusory allegations broadly characterizing the District's public policy.  To the extent that a response is required, the District denies the allegations in this paragraph.

### A.  Background on The District's Emergency Response Program[2]

---

[2]  The District responds that the terms "emergency response program" and "emergency response system" as used here and elsewhere in the Complaint are a dramatic mischaracterization of the myriad disparate government services at issue.  The District rejects Plaintiff's use of these terms throughout the Complaint and denies all allegations and conclusions implied by their use.

77.    This paragraph makes conclusory allegations broadly characterizing public services and states a legal conclusion.  To the extent that a response is required, the District denies the allegations in this paragraph.

78.    This paragraph makes conclusory allegations broadly characterizing complex public services and states a legal conclusion.  To the extent that a response is required, the District denies the allegations in this paragraph.

79.    This paragraph purports to relate back to the legal conclusion drawn in Paragraphs 77 and 78.  The District denies that legal conclusion and admits the other allegations in this paragraph.

80.    This paragraph purports to related back to the legal conclusion drawn in Paragraphs 77 and 78.  The District denies that legal conclusion, lacks sufficient information to admit or deny the views of the unidentified "outreach specialist at a local direct service provider" in the last sentence of this paragraph, and admits the other allegations in this paragraph.

81.    This paragraph purports to related back to the legal conclusion drawn in Paragraphs 77 and 78.  The District denies that legal conclusion, admits that it contracts with Catholic Charities and the other allegations in this paragraph.

82.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

83.    This paragraph purports to explain how the Complaint was constructed.  To the extent that a response is required, the District admits that OUC provides data to the District of Columbia Council as part of the Council's annual performance oversight process.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

84.    Denied.

85.    The District admits that OUC provides data to the District of Columbia Council as part of the Council's annual performance oversight process and states that those submissions are the best evidence of their content.  The District denies all other allegations in this paragraph.

86.    This paragraph makes conclusory allegations broadly characterizing and generally comparing calls received by OUC and DBH.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

**B.    OUC Staff Generally Dispatch MPD to 911 Mental Health Emergency Calls.**

87.    This paragraph makes conclusory allegations broadly characterizing the nature of 911 calls, the nature of the emergencies brought to the attention of call takers, and the dispatching of MPD and FEMS to respond to those emergencies.  To the extent that a response is required, the District admits that OUC staff receive 911 calls for the emergency services offered by MPD and FEMS and dispatches various personnel from those agencies to the scene.  The District denies all other allegations in this paragraph.

88.    Admitted.

89.    This paragraph purports to calculate or compare statistical conclusions without specific citation to the source material.  To the extent a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

90.    This paragraph purports to calculate or compare statistical conclusions without specific citation to the source material.  To the extent a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

91.    This paragraph purports to calculate or compare statistical conclusions without specific citation to the source material.  To the extent a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

16

92.    Denied.

**C.    District Policies Limit OUC's Ability and Authority To Route Mental Health Emergency Calls to Mental Health Professionals.**

93.    Admitted.

94.    This paragraph makes conclusory allegations broadly characterizing the abilities of OUC call-takers.  To the extent that a response is required, the District denies the allegations in this paragraph.

95.    The District lacks sufficient information to admit or deny the unattributed statements summarized in this paragraph.  The District admits that OUC call-takers cannot transfer a mental health emergency call to the Access Helpline if the individual in crisis is under 18 or has ingested a substance such as alcohol or drugs.

96.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

97.    The District admits that OUC policy is, generally, to dispatch MPD if no one at the Access Helpline is available to pick up the call.  The District denies all other allegations in this paragraph.

98.    This paragraph purports to summarize and draw conclusions based on other allegations in the Complaint.  To the extent a separate response is required, the District denies the allegations in this paragraph.

99.    The District admits that OUC's and the Access Helpline's systems are not integrated as of the date of this filing.

100.    The District admits that OUC cannot communicate directly with deployed CRTs. The District denies all other allegations in this paragraph.

101.    The District admits that OUC cannot track CRTs as of the date of this filing.

17

102.    This paragraph makes conclusory allegations broadly characterizing the abilities of Access Help Line and OUC staff.  To the extent that a response is required, the District admits that OUC dispatchers generally have the capacity to track the real time location of MPD and D.C. Fire and Medical responders.  The District admits that Access Helpline staff do not currently have similar tracking capabilities.  The District denies all other allegations in this paragraph.

103.    This paragraph purports to broadly characterize OUC's complex operational structure.  To the extent that a response is required, the District denies the allegations in this paragraph.

104.    Admitted.

**D.      The District Has Deprived CRTs and ChAMPS of the Resources Necessary to Provide Emergency Mental Health Services.**

105.    This paragraph makes conclusory allegations broadly characterizing the District's response to mental health emergencies.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

106.    This paragraph makes conclusory allegations broadly characterizing the nature of mental health crises and the challenges mental health professionals face in responding to such crises.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

107.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

108.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

109.    Denied.

110.    The District lacks sufficient information to admit or deny the statements attributed to an unidentified "former CRT employee" in the last sentence of this paragraph.  The District denies all other allegations in this paragraph.

111.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

112.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

113.    The District admits that MPD and FEMS perform involuntary transports of individuals meeting the threshold requirement that the individual poses a danger to themself or others.  The District denies all other allegations in this paragraph.

114.    Denied.

115.    The District admits that D.C. Code § 5-132.31 exists and states that the statute and its legislative history are the best evidence of its contents and history.  The District denies all other allegations in this paragraph

116.    The District states that the referenced June 2022 report by the Office of the D.C. Auditor is the best evidence of its contents and denies all other allegations in this paragraph.

**IV.    The District's Response to Mental Health Emergencies Pales in Comparison to the District's Response to Physical Health Emergencies.**

117.    Admitted.

118.    This paragraph and associated footnote purport to explain how the Complaint was constructed.  To the extent that a response is required, the District admits that OUC and FEMS provide data to the District of Columbia Council as part of the Council's annual performance oversight process and states that the data reported to the Council is the best evidence of its content.  The District denies all other allegations in this paragraph.

119.    The District admits that mental health crises and physical health emergencies present different challenges and require different training and responses to stabilize and treat. The District lacks sufficient information to admit or deny the views of the unidentified "EMS provider" referenced in this paragraph and the allegations in the second sentence of this paragraph. The District denies all other allegations in this paragraph.

120.    This paragraph makes conclusory allegations broadly summarizing and comparing the training that MPD officers and FEMS firefighters, emergency medical technicians (EMTs), and paramedics receive. The District admits that MPD officers and FEMS firefighters, EMTs, and paramedics require and receive different training. The District denies all other allegations in this paragraph.

121.    The District admits that all of the approximately 2,100 operational staff employed by FEMS are either EMT-9 or EMT-P.

122.    This paragraph makes conclusory allegations broadly characterizing the District's training for and response to physical health emergencies. To the extent that a response is required, the District admits that FEMS offers a 20-week EMT-9 course through its training academy, that time commitments vary for outside EMT-P courses offered by third parties, and that EMT-9s must pass the FEMS Field Training Evaluation Process. The District denies all other allegations in this paragraph.

123.    The District admits that approximately 400 of its approximately 2100 EMTs are also paramedics. The District denies all other allegations in this paragraph.

124.    The District admits that paramedics are also EMTs. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

20

125.    The District admits that as of September 30, 2024, 1,004 current MPD officers have completed the 40-hour training to become CIOs.  The District denies that this is the most advanced training on mental health emergencies provided to MPD officers.

126.    This paragraph purports to rely on the allegations in the proceeding paragraphs and compare the training provided to Crisis Intervention Officers to the training provided to EMTs and Paramedics.  To the extent that a separate response is required, the District admits that MPD officers, EMTs, and Paramedics receive different training.  The District denies all other allegations in this paragraph.

127.    This paragraph makes conclusory allegations broadly characterizing FEMS training.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

128.    This paragraph makes conclusory allegations about FEMS response to physical health emergencies.  To the extent that a response is required, the Districts lacks sufficient information to admit or deny the allegations in this paragraph.

129.    Denied.

130.    This paragraph makes a conclusory statement about the risks of entanglement with the criminal justice system that may come from unidentified individuals with unidentified injuries having FEMS respond to a physical health emergency.  To the extent that a response is required, the District denies the allegations in this paragraph.

131.    This paragraph purports to generally characterize the nature of MPD and CRT funding and training and makes a conclusory statement about outcomes related to MPD and CRT responding without reference to any specific incident.  To the extent a response is required, the

District admits that MPD officers and CRT members are trained differently and denies all other allegations in this paragraph.

132. The District lacks sufficient information to admit or deny the allegations in this paragraph.

133. The District admits that FEMS currently employs approximately 2100 EMTs and that DBH currently employs 32 CRT members. The District denies all other allegations in this paragraph.

134. This paragraph purports to calculate or compare statistical conclusions without specific citation to the source material. To the extent a response is required, the District lacks sufficient information to admit or deny the allegations this paragraph.

135. The District lacks sufficient allegations to admit or deny the allegations in this paragraph.

136. Admitted.

137. The District lacks sufficient information to admit or deny the allegations in this paragraph.

138. The District lacks sufficient information to admit or deny the allegations in this paragraph.

139. Denied.

**V.     The District's Reliance on MPD as Its Default First Responders for Mental Health Emergencies Frustrates Bread's Mission and Causes It To Divert Resources To Counteract the Harm.**

140. Denied.

A.      **Bread's Mission Requires It To Minimize MPD's Presence at Its Facilities.**

141.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

142.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

143.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

144.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

145.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

146.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

147.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

148.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

149.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

150.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

151.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

152.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

153.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

154.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

155.    This paragraph makes conclusory allegations broadly characterizing Plaintiff's purported past experiences with MPD.  To the extent a response is required, the District states that the alleged conduct of the unidentified "officers" would be inconsistent with MPD policy and training and denies the allegations in this paragraph.

156.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

157.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

158.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

**B.    Bread Diverts Significant Resources to Providing The Emergency Mental Health Services That the District's Emergency Reponses Program Exists To Supply But in Fact Does Not.**

**1.    Lost Staff Time and Lost Revenue**

159.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

160.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

24

161.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

162.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

163.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

164.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

165.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

166.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

167.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

168.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

169.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

170.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

171.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

172. The District lacks sufficient information to admit or deny the allegations in this paragraph.

173. The District lacks sufficient information to admit or deny the allegations in this paragraph.

174. The District lacks sufficient information to admit or deny the allegations in this paragraph.

175. The District lacks sufficient information to admit or deny the allegations in this paragraph.

176. The District lacks sufficient information to admit or deny the allegations in this paragraph.

177. The District lacks sufficient information to admit or deny the allegations in this paragraph.

178. The District lacks sufficient information to admit or deny the allegations in this paragraph.

179. The District lacks sufficient information to admit or deny the allegations in this paragraph.

180. The District lacks sufficient information to admit or deny the allegations in this paragraph.

181. The District lacks sufficient information to admit or deny the allegations in this paragraph.

182. The District lacks sufficient information to admit or deny the allegations in this paragraph.

183.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

184.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

185.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

186.    This paragraph purports to state Plaintiff's beliefs about the District's current services and speculation about future services.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

### 2.    Training Costs

187.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

188.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

189.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

190.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

191.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

192.    The District lacks sufficient information to admit or deny the allegations in this paragraph.

193.    This paragraph purports to state Plaintiff's beliefs about the District's current services and speculation about future services.  To the extent that a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
**Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq.**
*(Discrimination on the Basis of Disability by a Local Government Entity)*

194.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statute exists and denies the allegations in this paragraph.

195.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statute exists and is the best evidence of its content and meaning.  The District denies all other allegations in this paragraph.

196.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited regulations exist and are the best evidence of their content and meaning.  The District denies all other allegations in this paragraph.

197.    The District admits that its paramedics and EMTs have the skills and training to provide an adequate response to physical health emergencies.  The District denies all other allegations in this paragraph.

198.    Denied.

199.    Denied.

### SECOND CAUSE OF ACTION:
**Section 504 of the Rehabilitation Act, 29 U.S.C. § 794**
*(Discrimination on the Basis of Disability by Recipient of Federal Financial Assistance)*

28

200.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statutes exist and are the best evidence of their content and meaning.  The District denies all other allegations in this paragraph.

201.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statute exists and is the best evidence of its content and meaning.  The District denies all other allegations in this paragraph.

202.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statutes exist and are the best evidence of their content and meaning.  The District denies all other allegations in this paragraph.

203.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statute exists and is the best evidence of its content and meaning.  The District denies all other allegations in this paragraph.

204.    This paragraph states legal conclusions.  To the extent that a response is required, the District admits that the cited statute exists and is the best evidence of its content and meaning.  The District denies all other allegations in this paragraph.

205.    The District admits that its paramedics and EMTs have the skills and training to provide an adequate response to physical health emergencies.  The District denies all other allegations in this paragraph.

206.    Denied.

207.    Denied.

**PRAYER FOR RELIEF**

The District denies that Plaintiff is entitled to any of the relief requested in the Complaint or any other form of relief from this Court.  The District requests judgment in its favor, an award of the costs of this action, and such additional relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the District demands a trial by jury on every issue in this action triable of right by a jury.

Date: October 4, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam P. Daniel*
ADAM P. DANIEL [1048359]
BRENDAN R. HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 442-7272
Email: adam.daniel@dc.gov

*Counsel for Defendant District of Columbia*