UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>    **Defendant.** | **Civil Action No. 1:23-cv-01945-ACR** |

## JOINT MEET AND CONFER REPORT

Plaintiff Bread for the City and Defendant District of Columbia, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, hereby submit this Joint Meet and Confer Report. The Parties met and conferred on October 9, 2024, met again on October 18, 2024 and October 23, 2024, and exchanged emails in the interim to discuss the scheduling of discovery and other matters required by Local Civil Rule 16.3(c). The matters discussed by the Parties are set forth below and a proposed scheduling order is attached.

**Plaintiff's Statement of the Case**

The Plaintiff brought this action to challenge the District's emergency response system, which defaults to sending police officers to respond to mental health crises while sending trained healthcare providers to physical health crises in violation of the ADA and Section 504 of the Rehabilitation Act. The Defendant filed a motion to dismiss, which Plaintiff opposed. On September 10, 2024, the Court denied Defendant's motion to dismiss, concluding that Plaintiff has plausibly alleged that the District's emergency

response system is a unified service that provides the common benefit of timely and effective emergency assistance to the public, and that people with mental health disabilities do not have meaningful access to this benefit. *See* Sept. 10, 2024 Hr'g Tr. 15:11-19, 19:9-20.

## Defendants' Statement of the Case

Defendant (the District) denies that it operates a singular emergency response system as Plaintiff posits, denies that any of its individual emergency services discriminate in any way, denies liability under the ADA and Section 504 of the Rehabilitation Act accordingly, and denies that Plaintiff is entitled to any relief whatsoever. The District acknowledges the Court's September 10, 2024 ruling on the District's motion to dismiss but is confident in its position should the case progress to summary judgment or trial. It is equally confident that a well-informed, competently guided, and appropriately timed effort at mediation—as the Parties propose below—could result in at least some mutual benefit. The District looks forward to reengaging in formal mediation once the Parties have had an opportunity for information gathering through formal discovery.

## Matters Discussed by the Parties Pursuant to Local Civil Rule 16.3

The Parties propose conducting litigation and mediation in three phases because the Parties agree that this is the most efficient way to maximize the chance of resolving this case expeditiously through mediation. Specifically, the Parties propose: first, a period of fact discovery; second, a period of mediation; and, third, only if mediation does not result in settlement, a return to litigation proceedings, including expert discovery, summary judgment, and trial.

The Parties agree that deferring mediation until fact discovery ends will efficiently

maximize the chance of settling the case through mediation. The systems at issue in this case are complex, and the exchange of fact discovery on a range of topics related to the operations of those systems will arm the Parties with the information they need to advance concrete proposals for resolving their dispute. After formal fact discovery, the Parties anticipate being better able to engage in substantive settlement discussions immediately instead of relying on mediation proceedings for information exchange. This, the Parties agree, is likely to result in a more efficient resolution versus acquiring information piecemeal while mediation is ongoing.

The Parties include additional answers responsive to the Rule 16.3 factors below.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

While a full assessment of this issue will require the completion of fact and expert discovery, the Parties, at this time, believe that it is possible that any issues remaining after mediation could be disposed of by summary judgment motion. The proposed schedule for summary judgment is discussed in Item Number 6 below.

**2. The date by which any other parties shall be joined, or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that the deadline for joining parties or moving to amend the pleadings be set at the half-way point of fact discovery so there remains enough time in the schedule to complete discovery on any joined party or amended claims. If either Party identifies an opportunity to narrow the issues in dispute, both Parties will work in good faith to do so.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

At this time, the Parties agree that this case should not be assigned to a magistrate judge for any purpose other than mediation before Judge Upadhyaya after the completion of fact discovery.

**4.     Whether there is a realistic possibility of settling the case.**

As discussed above, the Parties believe that completing fact discovery prior to mediation will maximize their chances of settling this case.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

As discussed above, the Parties are prepared to proceed with mediation upon completion of fact discovery. The Parties agree that, at any point during fact discovery or the litigation, either party may request a meet-and-confer to discuss settlement of all or some of the issues prior to or after mediation. Similarly, the Parties agree that if Plaintiff stipulates that it is done taking fact discovery from the District or if the Parties jointly stipulate that they are done taking fact discovery, they will petition the Court to move up the date for beginning mediation.

The Parties also agree that, at any point during the mediation, after consultation with Judge Upadhyaya, either Party may inform the other Party that it does not believe further mediation is productive. At that point, mediation will end, and the Parties will proceed to the next phase of litigation.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The Parties agree that if the case proceeds to summary judgment it would be most

efficient for them to meet and confer to determine whether they both intend to move for summary judgment and ask the Court to enter an appropriate briefing schedule. Assuming both Parties will move for summary judgment, they ask the Court to enter a four phase briefing schedule allowing:   Plaintiff to move for summary judgment 30 days after the close of discovery; the District to file an opposition and cross-motion for summary judgment 30 days thereafter; Plaintiff to reply and oppose the District's cross-motion for summary judgment 30 days thereafter; and the District to reply 14 days thereafter.  If, after the entry of a scheduling order in this case, either Party believes the summary judgment schedule needs revision (for instance, because one Party decides not to seek summary judgment or because the Parties have narrowed the issues in a way that results in one or both Parties concluding that the briefing order can be arranged more efficiently), the Parties will meet and confer in good faith to discuss proposing a modified schedule to the Court, ensuring that any such schedule does not delay the start of trial.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The Parties agree to exchange initial disclosures within a day of this report's filing. The Parties do not wish to change the scope or form of those disclosures.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties have discussed fact discovery periods ranging from 9 to 15 months that generally consists of written discovery (requests for admission, requests for production, and interrogatories) and depositions according to the procedures prescribed by Federal

Rules of Civil Procedure 30, 33, 34, and 36. The Parties understand the need to work together to move discovery forward expeditiously, define the appropriate scope of requests for ESI, and take the depositions of appropriate corporate representatives and fact witnesses. To allow the Parties flexibility to structure discovery in the least burdensome and most productive manner as they exchange discovery requests and continue to discuss the scope and exchange of ESI, they request that the Court provide for a 12-month period of fact discovery subject to the referral procedures discussed in Item Number 5. At the halfway mark of fact discovery, the Parties propose submitting a Joint Status Report outlining the discovery that has been taken at that time, their plan for completing discovery, and whether they anticipate seeking an early referral to mediation as discussed in Item Number 5.

The Parties further propose a subsequent period of expert discovery lasting approximately four months, if necessary, after mediation, during which each side will exchange expert reports and rebuttal expert reports and also have the opportunity to depose each other's experts. The Parties stipulate that they may depose any expert designated by the other party regardless of the presumptive limit of 10 depositions set by Rule 30(a)(2)(A)(i).

The Court earlier issued a Protective Order governing the exchange of confidential information in this case.

The Parties recognize that their duty to supplement their earlier discovery responses with new information does not end with the close of fact discovery. Before any party seeks leave to take a deposition after fact discovery closes pursuant to Federal Rule of Civil

Procedure 16(b)(4), the Parties will confer and work in good faith to determine whether doing so is appropriate and, if so, on what terms.

**9.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties anticipate working together to exchange ESI in mutually acceptable formats. The Parties do not anticipate major issues relating to the preservation of relevant electronically stored information and are taking reasonable steps to preserve relevant electronically stored information pending discovery.

**10.    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties reserve the right to assert any and all applicable privileges, and each party expects the other to provide an adequate and detailed privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

**11.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff intends to designate expert witnesses and will provide written reports consistent with Federal Rule of Civil Procedure 26(a)(2)(B). The District anticipates deposing Plaintiff's experts, designating rebuttal experts, and provide written reports consistent with Federal Rule of Civil Procedure 26(a)(2)(B) within sixty days of receiving Plaintiff's expert designations and reports. Plaintiff reserves its right to submit rebuttal reports.

The Parties anticipate taking expert depositions at a mutually agreeable times during expert discovery. The Parties agree that all other requirements of Federal Rule of

Civil Procedure 26 regarding experts shall apply.

**12.    In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A.

**13.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

As discussed above, the Parties anticipate proceeding in three phases: fact discovery, mediation, and then expert discovery. The Parties agree that they can require the other party's experts to provide any information and materials they rely on to form their opinions during expert discovery through a duces tecum request attached to the notice of deposition.

The Parties reserve their rights to consider the possibility of bifurcation of trial into liability and remedial phases after the close of discovery.

**14.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties propose the following dates for the pretrial conference, subject to the court's availability: May 14, 21, or 27, 2027.

**15.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties propose the following trial dates, subject to the court's availability: July 12, 19, or 26, 2027.

**16.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties submit their proposed scheduling order below:

8

| Event | Deadline |
|---|---|
| Deadline for Joining Parties | May 1, 2025 |
| Deadline for Amending Complaint | May 1, 2025 |
| Joint Status Report | May 1, 2025 |
| Fact Discovery Closed | October 31, 2025 |
| Mediation Before Magistrate Judge Moxila Upadhyaya | November 3, 2025 |
| Expert Discovery Open | May 1, 2026 |
| Plaintiff's Expert Report Deadline | May 15, 2026 |
| Defendant's Expert Report Deadline | July 17, 2026 |
| Expert Discovery Closed | September 4, 2026 |
| Plaintiff's Motion for Summary Judgment | October 5, 2026 |
| District's Opposition and Cross-Motion for Summary Judgment | November 5, 2026 |
| Plaintiff's Opposition and Reply | December 4, 2026 |
| District's Reply | December 18, 2026 |
| Pre-Trial Conference | May _____, 2027 |
| Trial | July_____, 2027 |

A proposed order is attached for the Court's consideration.

October 23, 2024                                   Respectfully submitted,

/s/ *Ashika Verriest*
Ashika Verriest (D.C. Bar No. 90001468)
Jenn Rolnick Borchetta*
Brian Dimmick (D.C. Bar No. 1013979)
Susan Mizner
West Resendes
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(240) 676-3240
averriest@aclu.org

*Admitted pro hac vice*

Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 716-1427

mperloff@acludc.org

Daniel L. Brown (N.Y. Bar No. 2978559)
Steven Hollman (D.C. Bar No. 375658)
Nikole Snyder (D.C. Bar No. 1670948)
Calla N. Simeone (D.C. Bar No. 1766258)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP 2099 Pennsylvania Ave.
NW, Ste. 100
Washington, D.C. 20006
Telephone: (202) 747-1941
dbrown@sheppardmullin.com
shollman@sheppardmullin.com
nsnyder@sheppardmullin.com
csimeone@sheppardmullin.com

*Counsel for Plaintiff*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*
BRENDAN HEATH [1619960]
ADAM P. DANIEL [1048359]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 442-9880
Email: brendan.heath@dc.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 1:23-cv-01945-ACR** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## [PROPOSED] SCHEDULING ORDER

Upon consideration of the parties' Joint Rule 26(f) Report, the Court sets the following schedule for further proceedings in this:

| Event | Deadline |
|---|---|
| Deadline for Joining Parties | May 1, 2025 |
| Deadline for Amending Complaint | May 1, 2025 |
| Joint Status Report | May 1, 2025 |
| Fact Discovery Closed | October 31, 2025 |
| Mediation Before Magistrate Judge Moxila Upadhyaya | November 3, 2025 |
| Expert Discovery Open | May 1, 2026 |
| Plaintiff's Expert Report Deadline | May 15, 2026 |
| Defendant's Expert Report Deadline | July 17, 2026 |
| Expert Discovery Closed | September 4, 2026 |
| Plaintiff's Motion for Summary Judgment | October 5, 2026 |
| District's Opposition and Cross-Motion for Summary Judgment | November 5, 2026 |
| Plaintiff's Opposition and Reply | December 4, 2026 |
| District's Reply | December 18, 2026 |
| Pre-Trial Conference | May _____, 2027 |
| Trial | July_____, 2027 |

Date: _____

_____
ANA C. REYES
United States District Judge